UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHRISTOPHER L. WRIGHT**, <br><br> Plaintiff, <br><br> v. <br><br> **GINA RAIMONDO,** *Secretary,* <br> *U.S. Department of Commerce*, <br><br> Defendant. | Case No. 20-cv-306 (CRC) |

## MEMORANDUM OPINION

Plaintiff Christopher Wright, a veteran employee of the Office of Sustainable Fisheries within the United States Department of Commerce, filed this suit *pro se* against the Secretary of Commerce in her official capacity. In what is left of Wright's complaint after the Court granted summary judgment to the Secretary on a host of claims that Wright had failed to exhaust or raise within the statute of limitations, see Mem. Op., June 10, 2020 (ECF No. 10), Wright alleges that he experienced discriminatory and retaliatory conduct, and was subjected to a hostile work environment, at the hands of his superiors through a series of events in 2018. He brings claims under Title VII of the Civil Rights Act and the Age Discrimination in Employment Act.

Following discovery, the Secretary moved for summary judgment on December 22, 2022. In light of Wright's *pro se* status and consistent with D.C. Circuit precedent, on December 30, 2022, the Court issued a "Fox/Neal" Order advising Wright that "on a motion for summary judgment, 'any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion.'" See Order at 1, Dec. 22, 2022 (ECF No. 33) (cleaned up). The Court further directed Wright to this Court's Local Civil Rule 7(b) on conceded motions, cautioning him that

failure to respond to the Secretary's motion could risk dismissal of his case and entry of judgment for the Secretary. Id. at 2.

Wright had not responded to the Secretary's motion by February 8, 2023, well after the deadline for doing so. The Court therefore issued that day an Order to Show Cause why the motion should not be granted, giving Wright until February 22, 2023 to respond. Min. Order to Show Cause, Feb. 8, 2023. He has not done so. In fact, Wright has not communicated with the Court in almost six months, since the parties filed a joint status report on September 1, 2022 concerning the timing of Wright's deposition. Joint Status Report, Sept. 1, 2022 (ECF No. 27).

In Winston & Strawn v. McLean, the D.C. Circuit held that a district court may not, consistent with Federal Rule of Civil Procedure 56(e), rely on this Court's Local Rule 7(b) to enter summary judgment against a nonmoving party who fails to respond to his opponent's motion in a timely fashion. 843 F.3d 503 (D.C. Cir. 2016). The Circuit explained that while an untimely opposition could result in treating the movant's asserted facts as undisputed, the court may not "grant judgment 'as conceded' simply because a nonmoving party fails to respond." Id. at 507. Rather, the district court "must always engage in the analysis required by Rule 56 before acting on a motion for summary judgment." Id. at 506.

The plaintiff in Winston & Strawn missed the opposition deadline by only two days. Given Wright's extended silence here, it likely would be within the Court's discretion to dismiss the case outright for failure of prosecution, wholly apart from Rule 7(b). In an abundance of caution, however, the Court will nevertheless treat the Secretary's Statement of Undisputed Facts as uncontested, and briefly assess the merits of the Secretary's entitlement to summary judgment based on those facts.

In short, Wright's claims are based on a series of alleged transgressions that took place in 2018. They consist of being excluded from office leadership meetings, being hassled about his travel reimbursements, receiving tough counseling emails from his supervisor, having duties added to his job responsibilities, and being told that he needs to figure out ways to better handle his workload. Compl. ¶¶ 25–33; id. Ex. 3; Def.'s Statement of Facts ¶ 3. The government insists that none of these perceived slights constitute an adverse action for purposes of Title VII or the other statutes at issue. Mot. Summ. J. ("Mot.") at 1, 5–6, 8–10, 14. The Court is not so sure after the D.C. Circuit's recent decision in Chambers v. District of Columbia, which relaxed the standard for actionable adverse actions in Title VII discrimination cases. See 35 F.4th 870 (D.C. Cir. 2022). In any case, the government also argues, supported by its Statement of Undisputed Facts, that Wright's supervisors had legitimate, non-discriminatory and non-retaliatory reasons to take each of the actions about which Wright complains. Mot. at 16–22. The Court agrees. The Secretary is also correct that the series of workplace-related actions that Wright describes do not come close to the level of severe and pervasive conduct necessary to make out a Title VII hostile work environment claim. See Durant v. District of Columbia Gov't, 875 F.3d 685, 700 (D.C. Cir. 2017).

The Court will, accordingly, grant summary judgment in favor of the Secretary. A separate Order follows.

_____<br>
CHRISTOPHER R. COOPER<br>
United States District Judge

Date: April 21, 2023